UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**TRACI POWELL,** individually and on behalf of all others similarly situated,

*Plaintiff*,

*v*.

**YOUFIT HEALTH CLUBS LLC,** a Delaware limited liability company,

*Defendant*.

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

## CLASS ACTION COMPLAINT

Plaintiff, Traci Powell, brings this class action against Defendant, Youfit Health Clubs LLC, ("Youfit" or "Defendant Youfit"), to stop its practice of sending unsolicited text messages to cellular telephones without recipients' prior express written consent, and to obtain redress for all persons injured by its conduct, including injunctive relief. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE ACTION

1. This case involves Defendant's transmission of deceptive text messages in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Defendant's text messages falsely state that recipients have a past due balance on their account with Defendant. In reality, these text messages are a marketing ploy designed to promote Defendant's fitness facilities and services.

2. Defendant owns and operates over 100 fitness facilities across 14 states, and has an average annual revenue of over $100 million.

3. The instant case is not the first time Defendant has engaged in deceptive business practices. In 2016, Defendant entered into an agreement with Florida's Attorney General stemming from Defendant's misrepresentations regarding consumers' ability to cancel their membership without incurring cancellation fees.[1]

4. The TCPA requires companies like Defendant to obtain prior *written* express consent before sending text messaging solicitations to consumers using an autodialer.

5. Defendant conducted (and continues to conduct) a wide-scale telemarketing campaign that features the sending of unwanted solicitation text messages to consumers' cellular telephones without consent in violation of the TCPA.

6. By sending these text messages, Defendant caused Plaintiff and the members of the class actual harm and cognizable legal injury. This includes the aggravation, nuisance, and invasion of privacy, in addition to the wear and tear on their cellular telephones, consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such text messages, and in the form of the diminished use, enjoyment, value, and utility of their cellular telephones.

7. The TCPA was enacted to protect consumers from text messages like those alleged and described herein. In response to Defendant's unlawful conduct, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease all solicitation text-messaging activities to cellular telephones without first obtaining prior express written consent, as well as

---

[1]http://www.myfloridalegal.com/newsrel.nsf/newsreleases/CC9668572977078085257F7700758EC3; (last accessed on November 29, 2017).

an award of statutory damages to the members of the Classes under the TCPA, costs, and reasonable attorney's fees.

**PARTIES**

8. Plaintiff resides in Hillsborough County, Florida.

9. Defendant is a Delaware company with its principal place of business located at 1350 East Newport Center Drive, Suite 200, Deerfield Beach, Florida 33442. Defendant conducts business in this District and throughout the State of Florida.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over Defendant because it conducts a significant amount of business in this District, solicits consumers in this District, sent and continues to send unsolicited text messages to this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

11. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant conducts a significant amount of business within this District and markets to this District, and because the wrongful conduct giving rise to this case occurred in and/or was directed to this District. Venue is additionally proper because Defendant resides in this District.

**COMMON FACTUAL ALLEGATIONS**

12. In recent years, companies like Defendant have turned to unsolicited telemarketing as a way to increase their customer base.

13. Text messages, like the ones sent in the instant action, are considered calls under the TCPA. *See Rules and Regulations Implementing the Telephone Consumer Protection Act of*

*1991,* CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014, 14115, ¶ 165 (July 3, 2003); *see also Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 954 (9th Cir. 2009) (noting that text messaging is a form of communication used primarily between telephones and is therefore consistent with the definition of a "call").

14. As explained by the Federal Communications Commission ("FCC") in its 2012 order, the TCPA requires "*prior express written consent* for all autodialed or prerecorded telemarketing calls to wireless numbers and residential lines." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG No. 02-278, FCC 12-21, 27 FCC Rcd. 1830 ¶ 2 (Feb. 15, 2012).

15. Yet, in violation of this rule, Defendant fails to obtain express written consent to send marketing text messages to consumers' cellular telephone numbers.

16. Defendant knowingly sent (and continues to send) unsolicited marketing text messages without the prior express written consent of the recipients. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

17. Defendant's text messages originated from shortcode 67076.

18. Defendant sent the same (or substantially the same) text message *en masse* to thousands of cellular telephone numbers throughout the United States.

19. In sending the text messages at issue in this Complaint, Defendant utilized an automatic telephone dialing system ("ATDS"). Specifically, the hardware and software used by Defendant (or its agents) has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse,* in an automated fashion without human intervention. Defendant's ATDS includes

features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous text message calls simultaneously (all without human intervention).

20. By sending the text messages at issue in this Complaint, Defendant caused Plaintiff and members of the class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the sending and receipt of such text messages, a loss of value realized for the monies consumers paid to their carriers for the receipt of such text messages, and a loss of the use and enjoyment of their phones, including wear and tear to the related data, memory, software, hardware, and battery components, among other harms.

**FACTS SPECIFIC TO PLAINTIFF TRACI POWELL**

21. In early 2013, Powell was a member of Youfit's fitness club. Shortly thereafter, in 2013, she canceled her contract with Youfit and paid the remaining balance on her account.

22. In June of 2017, almost four years *after* Powell cancelled her contract with Youfit, Powell received two solicitation text messages from Youfit's SMS shortcode (67076) on her cellular telephone.

23. Specifically, on June 2, 2017, Powell received a text message from SMS shortcode 67076 on her cellular telephone that read: "YOUFIT BALANCE FORGIVENESS: Get 1 year for $99, or 6 months for $49, to clear your past due balance. Call 561-472-1622 for details."




24. While purporting to offer "balance forgiveness," the ultimate purpose of Defendant's text message was to encourage recipients like Plaintiff and members of the class to enter into new membership agreements with Defendant. In other words, Defendant's text message constitutes telemarketing because the ultimate purpose was to encourage the purchase or investment in Defendant's fitness facility membership.

25. On July 11, 2017, Powell received another text message, this time from 67076 that read, "YOUFIT BALANCE FORGIVENESS: Pay $99 for 1 year or pay $49 for 6 months to clear your past due balance. Call 954-866-2555 for details Reply STOP to opt out."



26. Like the June 2nd text message, this second text message constitutes telemarketing because the ultimate purpose was to encourage the purchase or investment in Defendant's fitness facility membership.

27. Youfit owns and or operates SMS shortcode 67076 and uses the number to send solicitation text messages to consumers.

28. Additionally, the telephone numbers identified in the text messages (561-4723-1622 and 954-866-2555) belong and are operated by Defendant.

29. Powell did not request that Youfit and/or its affiliates send text messages to her or offer her its services using an ATDS. In other words, Defendant did not possess Powell's prior express written consent to send solicitation text messages to her.

30. By sending unauthorized text messages as alleged herein, Youfit has caused Plaintiff actual harm in the form of annoyance, nuisance, and invasion of privacy. In addition, the calls disturbed Plaintiff's use and enjoyment of her cellular telephone, in addition to the wear and tear on the cellular telephone's hardware (including the cellular telephone's battery) and the consumption of memory on their cellular telephones.

## CLASS ALLEGATIONS

31. Powell brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seek certification of the following Class:

> **Text Message No Consent Class:** All persons in the United States who from a date four years prior to the filing of the initial complaint in this case through the present: (1) Defendant (or a third person acting on behalf of Defendant) sent telemarketing text messages, (2) to the person's cellular telephone number, and (3) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly

obtained prior express written consent to send automated text messages to the Plaintiff.

32. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

33. **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant sent text messages to thousands of consumers who fall into the definition of the Classes. Members of the Class can be easily identified through Defendant's records.

34. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant's conduct constitutes a violation of the TCPA;

(b) whether Defendant utilized an automatic telephone dialing system to send text messages to members of the Classes; and

(c) whether Defendant obtained prior express written consent to contact any class members.

35. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Class.

36. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff' challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff the Text Message No Consent Class)**

37. Plaintiff repeats and re-alleges the foregoing paragraphs in this Complaint and incorporates them herein by reference.

38. Defendant sent telemarketing text messages to cellular telephone numbers belonging to Plaintiff and other members of the Text Message No Consent Class without first obtaining prior express written consent.

39. Defendant sent text messages using equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator, to receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention. The telephone dialing equipment utilized by Defendant, also known as a predictive dialer, dialed numbers from a list, or dialed numbers from a database of telephone numbers, in an automatic and systematic manner. Defendant's autodialer disseminated information *en masse* to Plaintiff and other consumers.

40. By sending the unsolicited text messages to Plaintiff and the cellular telephones of members of the Text Message No Consent Class without their prior express written consent, and by utilizing an automatic telephone dialing system to make those calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

41. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Text Message No Consent Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

42. In the event that the Court determines that Defendant's conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Text Message No Consent Class.

**PRAYER FOR RELIEF**

43. An order certifying the Class as defined above, appointing Plaintiff as the representatives of the Class, and appointing her counsel as Class Counsel;

44. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

45. An order declaring that Defendant's actions, as set out above, violate the TCPA;

46. A declaratory judgment that Defendant's text-messaging equipment constitutes an automatic telephone dialing system under the TCPA;

47. An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of its unlawful text-messaging practices;

48. An order requiring Defendant to identify any third-party involved in the autodialed text messaging as set out above, as well as the terms of any contract or compensation arrangement it has with such third parties;

49. An injunction requiring Defendant to cease all unsolicited autodialed text-messaging activities, and otherwise protecting the interests of the Classes;

50. An injunction prohibiting Defendant from using, or contracting the use of, an automatic telephone dialing system without obtaining, and maintaining records of, call recipient's prior express written consent to receive text messages made with such equipment;

51. An injunction prohibiting Defendant from contracting with any third-party for marketing purposes until they establish and implement policies and procedures for ensuring the third-party's compliance with the TCPA;

52. An injunction prohibiting Defendant from conducting any future telemarketing activities until they have established an internal Do Not Call List as required by the TCPA;

53. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

54. Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the Defendant and the communication or transmittal of the text messages and calls as alleged herein.

Date: November 29, 2017

Respectfully Submitted,


| **HIRALDO P.A.**<br><br>*/s/ Manuel S. Hiraldo*<br>Manuel S. Hiraldo, Esq.<br>Florida Bar No. 030380<br>401 E. Las Olas Boulevard<br>Suite 1400<br>Ft. Lauderdale, Florida 33301<br><br>mhiraldo@hiraldolaw.com<br>Telephone: 954.400.4713<br><br>*Counsel for Plaintiff and the Class* | **LAW OFFICES OF STEFAN COLEMAN P.A.**<br><br>*/s/ Stefan Coleman*<br>Stefan Coleman, Esq.<br>Florida Bar No. 030188<br>201 S. Biscayne Blvd., 28th Floor<br>Miami, Florida 333131<br>Telephone: (888) 333-9427<br>Facsimile: (888) 498-8946<br><br>*Counsel for Plaintiff and the Class* |
| --- | --- |