**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 17-cv-62328-BLOOM/Valle**

TRACI POWELL, *individually and on behalf of all others similarly situated*,

    Plaintiff,

v.

YOUFIT HEALTH CLUBS LLC,
*a Delaware limited liability company*,

    Defendant.
_____/

## SEALED ORDER ON MOTION FOR CLASS CERTIFICATION

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Class Certification, ECF No. [72] (the "Motion"). The Court has reviewed the Motion, all supporting and opposing filings, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I.   BACKGROUND**

Plaintiff Traci Powell ("Powell" or "Plaintiff") brings a putative class action lawsuit against Defendant YouFit Health Clubs LLC ("Defendant" or "YouFit") for its alleged violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Plaintiff alleges that Defendant violated the TCPA by sending "deceptive dual-purpose text messages" to Plaintiff, a former member of Defendant's fitness club. First Amended Class Action Complaint, ECF No. [16] ¶¶ 1, 24. Specifically, Plaintiff claims that four years after she canceled her fitness club membership with Defendant and paid any outstanding balances, Defendant sent her two text messages which stated: "YOUFIT BALANCE FORGIVENESS: Get 1 year for $99, or 6

months for $49, to clear your past due balance.  Call 561-472-1622 for details" and "YOUFIT BALANCE FORGIVENESS:  Pay $99 for 1 year or pay $49 for 6 months to clear your past due balance.  Call 954-866-2555 for details.  Reply STOP to opt out."  *Id.* ¶¶ 25-28.  Plaintiff contends that the text messages falsely stated that Plaintiff and the class she seeks to represent had past due balances on their accounts with Defendant, and offered to clear the balance if they reinstated their memberships.  *Id.* ¶ 3.  According to Plaintiff, the messages were simply a marketing ploy and were sent without consent.  *Id.* ¶¶ 3-4.  Based on these facts, Plaintiff asserts a single cause of action for violation of the TCPA on behalf of herself and a class of similarly situated individuals.  *Id.* ¶¶ 40-42.  Within the First Amended Class Action Complaint, Plaintiff defines the proposed class as follows:

> **Text Message No Consent Class**: All persons in the United States who from a date four years prior to the filing of the initial complaint in this case through the present: (1) Defendant (or a third person acting on behalf of Defendant) sent telemarketing text messages, (2) to the person's cellular telephone number, and (3) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to send automated text messages to the Plaintiff.

*Id.* ¶ 34.  In the instant Motion, after conducting discovery, Plaintiff proposes a modified class defined as the following:

> All persons in the United States who (1) entered into a YouFit membership agreement prior to December 30, 2015, (2) were subsequently sent a text message by YouFit pursuant to YouFit's "Amnesty Program," (3) using the CallFire text messaging platform, (4) during the time period of November 29, 2013 to November 29, 2017.

Motion, ECF No. [72] at 11.[1]  Plaintiff now seeks to certify the class and asks the Court to appoint her as class representative and her counsel as class counsel.  Defendant filed a memorandum in opposition in which Defendant objects to the certification of a class on numerous grounds discussed below.  ECF No. [75].  Plaintiff's Reply timely followed.  *See* ECF No. [80].  In addition, with leave of Court, Defendant filed a Sur-Reply.  *See* ECF No. [83].  The class certification issue has been fully briefed and is now ripe for review.

## II.   LEGAL STANDARD

District courts have broad discretion in deciding whether to certify a class.  *Washington v. Brown & Williamson Tobacco Corp.,* 959 F.2d 1566, 1569 (11th Cir. 1992).  To certify a class action, the named plaintiffs must have standing, and the putative class must "satisfy an implicit ascertainability requirement, the four requirements listed in Rule 23(a), and the requirements listed in any of Rule 23(b)(1), (2), or (3)."  *Karhu v. Vital Pharm., Inc.,* 621 F. App'x 945, 946 (11th Cir. 2015) (citing *Little v. T-Mobile USA, Inc.,* 691 F.3d 1302, 1304 (11th Cir. 2012)); *see Fitzpatrick v. General Mills, Inc.,* 635 F.3d 1279, 1282 (11th Cir. 2011) ("[T]he putative class must meet each of the four requirements specified in [Rule] 23(a), as well as at least one of the three requirements set forth in [Rule] 23(b)."); *Rutstein v. Avis Rent-A-Car Sys., Inc.,* 211 F.3d 1228, 1233 (11th Cir. 2000) ("A class action may be maintained only when it satisfies all of the requirements of Fed. R. Civ. P. 23(a) and at least one of the alternative requirements of Rule 23(b)."). "Under Rule 23(a), every putative class first must satisfy the prerequisites of numerosity, commonality, typicality, and adequacy of representation."  *Vega v. T-Mobile USA, Inc.,* 564 F.3d 1256, 1265 (11th Cir. 2009) (citing Fed. R. Civ. P. 23(a); *Valley Drug Co. v. Geneva Pharms., Inc.,* 350 F.3d 1181, 1187-88 (11th Cir. 2003)).  Here, Plaintiff seeks

---

[1] In her Reply, ECF No. [80] at 7, Plaintiff proposes an additional modified class definition.

Case 0:17-cv-62328-BB   Document 87   Entered on FLSD Docket 01/14/2019   Page 4 of 13

Case No. 17-cv-62328-BLOOM/Valle

certification pursuant to Rule 23(b)(3). Certification is appropriate under Rule 23(b)(3) if a plaintiff proves that "[c]ommon questions [ ] predominate over any questions affecting only individual members; and class resolution [is] superior to other available methods for the fair and efficient adjudication of the controversy." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 615 (1997) (citation omitted).

"The burden of establishing these requirements is on the plaintiff who seeks to certify the suit as a class action." *Heaven v. Trust Co. Bank,* 118 F.3d 735, 737 (11th Cir. 1997); *see also Rutstein,* 211 F.3d at 1233. The moving party "must affirmatively demonstrate his compliance" with the class certification requirements. *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). That is, "a party must not only be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, typicality of claims or defenses, and adequacy of representation, as required by Rule 23(a) [but also] satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." *Id.* (emphasis added). "A district court must conduct a rigorous analysis of the Rule 23 prerequisites before certifying a class." *Vega,* 564 F.3d at 1266 (quoting *Castano v. Am. Tobacco Co.,* 84 F.3d 734, 740 (5th Cir. 1996)).

### III.   DISCUSSION

#### A. TCPA

Plaintiff has filed a claim on behalf of herself and the putative class for violation of the TCPA. The TCPA makes it unlawful for any person to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii). Violators of the TCPA are subject to

4

civil liability. *See* 47 U.S.C. § 227(b)(3). Here, Plaintiff seeks to hold Defendant liable on a class-wide basis for sending allegedly dual-purpose text messages without consent.

### B. Standing

"It is well-settled in the Eleventh Circuit that prior to the certification of a class, and before undertaking an analysis under Rule 23, the district court must determine that at least one named class representative has Article III standing to raise each class claim." *In re Terazosin Hydrochloride Antitrust Litig.,* 220 F.R.D. 672, 679 (S.D. Fla. 2004) (citing *Wolf Prado-Steiman v. Bush,* 221 F.3d 1266, 1279 (11th Cir. 2000)); *Griffin v. Dugger,* 823 F.2d 1476, 1482 (11th Cir. 1987) ("[A]ny analysis of class certification must begin with the issue of standing.")). Indeed, "[o]nly after the court determines the issues for which the named plaintiffs have standing should it address the question whether the named plaintiffs have representative capacity, as defined by Rule 23(a), to assert the rights of others." *Griffin*, 823 F.2d at 1482. "To have standing, a plaintiff must show (1) [s]he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to conduct of the defendant; and (3) it is likely, not just merely speculative, that the injury will be redressed by a favorable decision." *Kelly v. Harris,* 331 F.3d 817, 819-20 (11th Cir. 2003).

Defendant does not appear to challenge Plaintiff's standing in this case. Indeed, current Eleventh Circuit case law holds that transmission of an unsolicited fax constitutes an injury-in-fact under the TCPA. *Palm Beach Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1253 (11th Cir. 2015). And this Court has held, relying upon *Palm Beach Center*, that a violation of the TCPA occurs at the moment an unsolicited text message is sent, and therefore constitutes an injury-in-fact for purposes of the TCPA. *Mohamed v. Am. Motor Co., LLC*, 320

F.R.D. 301, 312 (S.D. Fla. 2017). Upon review, Plaintiff also meets the remaining requirements for Article III standing, as Defendant does not dispute that it sent the text messages at issue, and each TCPA violation is subject to statutory damages. The Court finds that Plaintiff and the class have standing. Accordingly, the Court next considers whether Plaintiff has made a sufficient showing to justify class certification.

### C. Class Certification

#### i. Rule 23(a) factors

Under Rule 23(a), Plaintiff is required to demonstrate each of the four factors: numerosity, commonality, typicality and adequacy. Although Defendant challenges the commonality and typicality requirements, the Court will briefly review the undisputed 23(a) factors before turning to Defendant's challenges.

##### a. Numerosity

Under the first prong of the Rule 23(a) analysis, a plaintiff must demonstrate that the class is "so numerous that joinder of all members is impracticable." *Ruderman v. Washington Nat'l Ins. Co.*, 263 F.R.D. 670, 678 (S.D. Fla. 2010) (quoting Fed. R. Civ. P. 23(a)(1)). "The focus of the numerosity inquiry is not whether the number of the proposed class members is 'too few' to satisfy the Rule, but 'whether joinder of proposed class members is impractical.'" *Id.* at 679 (quoting *Armstead v. Pingree*, 629 F. Supp. 273, 279 (M.D. Fla. 1986)). Generally speaking, the Eleventh Circuit has concluded that less than twenty-one class members is inadequate to satisfy the numerosity requirement but more than forty is adequate. *Id.* (quoting *Cheney v. Cyberguard Corp.*, 213 F.R.D. 484, 490 (S.D. Fla. 2003). It is the plaintiff who "bears the burden of making *some* showing, affording the district court the means to make a supported factual finding, that the class actually certified meets the numerosity requirement." *See Vega*,

564 F.3d at 1267 (emphasis in original). In the instant case, the numerosity requirement is satisfied, as Defendant does not dispute Plaintiff's representation that 107,879 individuals became YouFit members before December 30, 2015, and were subsequently sent a total of 487,535 text messages by YouFit using an automatic telephone dialing system ("ATDS"). *See* ECF No. [72-4] at ¶ 11.

### b. Adequacy

Rule 23(a)(4) requires a showing that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy-of-representation requirement 'encompasses two separate inquiries; (1) whether any substantial conflicts of interest exist between the representatives and the class; and (2) whether the representatives will adequately prosecute the action.'" *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1323 (11th Cir. 2008) (quoting *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003)); *see also Fabricant v. Sears Roebuck*, 202 F.R.D. 310, 314-15 (S.D. Fla. 2001) ("Rule 23(a)(4)'s adequacy requirement has two components: (1) the class representative has no interests antagonistic to the class; and (2) class counsel possesses the competence to undertake the litigation."); *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 727 (11th Cir. 1987) ("The inquiry into whether named plaintiffs will represent the potential class with sufficient vigor to satisfy the adequacy requirement of Rule 23(a)(4) most often has been described to involve questions of whether plaintiffs' counsel are qualified, experienced, and generally able to conduct the proposed litigation and of whether plaintiffs have interests antagonistic to those of the rest of the class."). In addition, "[m]isconduct by class counsel that creates a serious doubt that counsel will represent the class loyally requires denial of class certification." *Creative Montessori Learning Ctrs. v. Ashford Gear LLC*, 662 F.3d 913, 918 (7th

Cir. 2011); *but see Busby*, 513 F.3d at 1323-24 ("[O]nly the most egregious misconduct on the part of plaintiffs' lawyer could ever arguably justify denial of class status.") (quoting *Halverson v. Convenient Food Mart, Inc.*, 458 F.2d 927, 932 (7th Cir. 1972)).

In this case, the Court finds no conflict of interest between Plaintiff and the members of the putative class. Likewise, no conflict between Plaintiff's counsel and the putative class members is apparent and Defendant does not suggest anything to the contrary. In support of the Motion, Plaintiff's counsel submitted declarations wherein they outline their litigation experience, including extensive experience in class-action litigation. The Court, therefore, finds that Plaintiff's counsel can adequately prosecute this action on behalf of the entire class. Plaintiff has satisfied the adequacy requirement of Rule 23.

### c. Commonality

The commonality requirement of Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2); *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1355 (11th Cir. 2009) (quoting *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001)) ("Under the Rule 23(a)(2) commonality requirement, a class action must involve issues that are susceptible to class-wide proof."). Plaintiff faces a "low hurdle" in bearing this "light" burden, as commonality "does not require that all questions of law and fact raised be common." *Williams*, 568 F.3d at 1356; *Vega,* 564 F.3d at 1268. "In short, the commonality requirement requires proof that the court can resolve the questions of law or fact in 'one stroke.'" *Randolph v. J.M. Smucker Co.*, 303 F.R.D. 679, 693 (S.D. Fla. 2014). That being said, "[w]hat matters to class certification is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc.*, 564 U.S. at 350 (quotation omitted). Commonality requires a

8

common question capable of common resolution.  *See, e g., Manno v. Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674, 685 (S.D. Fla. 2013).  "[C]ommonality merely requires that there be 'at least one issue whose resolution will affect all or a significant number of the putative class members.'" *Randolph*, 303 F.R.D. at 693 (citing *Williams,* 568 F.3d at 1355).

Defendant contends that this case involves different text messages featuring different content and that different forms of consent may have been provided through different membership agreements containing varying terms and conditions. As such, individualized issues will predominate over any common issues compelling the conclusion that Plaintiff fails to meet the commonality requirement for class certification.  The Court disagrees, as Defendant's argument is better suited to a consideration of whether the predominance requirement is met under 23(b)(3).  *See Vega*, 564 F.3d at 1278 (characterizing the predominance requirement as "perhaps the central and overriding prerequisite for a Rule 23(b)(3) class."); *see also Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005 (11th Cir. 1997) (stating that in order to satisfy predominance, the court must find that "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof.") (quoting *Kerr v. City of W. Palm Beach*, 875 F.2d 1546, 1557-58 (11th Cir. 1989) (internal quotations omitted)).

In the instant case, Plaintiff identifies numerous relevant common issues, including whether the text messages sent by YouFit constitute telemarketing for purposes of the TCPA, whether the text messages were "dual-purpose" communications, whether YouFit obtained prior express consent to send the text messages, and whether YouFit sent the text messages in knowing and willful violation of the TCPA.  The Court finds that the resolution of these issues will affect all of the putative class members, and therefore, the commonality requirement is met.

*See Jackson*, 130 F.3d at 1005 (stating that the showing required for predominance is "far more demanding" that the requirement of commonality) (quoting *Amchem Prods., Inc.*, 521 U.S. at 624).

### d. Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "[T]he typicality requirement is permissive; representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *In re Checking Account Overdraft*, 275 F.R.D. 666, 674 (S.D. Fla. 2011) (citing *Brown v. SCI Funeral Servs. of Fla., Inc.*, 212 F.R.D. 602, 605 (S.D. Fla. 2003)). In order to demonstrate typicality, the plaintiff must generally demonstrate that a "sufficient nexus exists between the legal claims of the named class representatives and those of individual class members to warrant class certification." *Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1346 (11th Cir. 2001) (citing *Washington*, 959 F.2d at 1569 n.8). Stated differently, "[t]he claim of a class representative is typical if 'the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory.'" *Williams*, 568 F.3d at 1356-57 (quoting *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984)). "It is not enough that a named plaintiff can establish a case or controversy between himself and the defendant by virtue of having standing as to one of many claims he wishes to assert. Rather, each claim must be analyzed separately, and a claim cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to that claim." *Prado-Steiman*, 221 F.3d at 1280. "If proof of the representatives' claims would not necessarily prove all the proposed class members' claims, the representatives' claims are not typical of the proposed members' claims."

*Conigliaro v. Norwegian Cruise Line Ltd.*, No. 05-21584-CIV, 2006 WL 7346844, at *7 (S.D. Fla. Sept. 1, 2006) (quoting *Brooks v. S. Bell Tel. & Tel. Co.,* 133 F.R.D. 54, 58 (S.D. Fla. 1990)).

Defendant argues that Plaintiff's claim is different from the claims of putative class members because she contends that she canceled her membership with YouFit, and therefore does not owe a debt to YouFit. In response, Plaintiff argues that her claim is typical of the class because she alleges receipt of a dual-purpose text message for which she did not provide express written consent. However, YouFit presents evidence, which is uncontroverted by Plaintiff, that the only individuals who were sent the offending text messages pursuant to YouFit's "Balance Forgiveness" or "Amnesty" program, were members whose accounts were past due. *See* Declaration of Paul Roberts, ECF No. [75-2]. While Plaintiff contends that she had canceled her membership months before she received YouFit's text messages, *see* ECF No. [72-5] at 18, Plaintiff points to no evidence tending to show that YouFit was aware that she had canceled and was no longer a member. Indeed the record demonstrates that YouFit disputes that Plaintiff canceled her membership and asserts that her account became delinquent in December, 2013. *See* ECF No. [72-1] at 46-47. Therefore, Plaintiff's claim is indeed unique, as she believed—either correctly or incorrectly—that her membership had been canceled when she received the offending text messages. By contrast, the class she seeks to represent would be composed of YouFit members whose accounts were delinquent. Plaintiff points to no evidence that any of the purported class members received text messages from YouFit under similar circumstances.

Moreover, the additional modified class definition Plaintiff proposes in her Reply, ECF No. [80], does not address this shortcoming:

> All persons in the United States who (1) entered into a YouFit membership agreement prior to December 30, 2015, (2) **did not**

11

> **subsequently enter into a new YouFit membership agreement**, and (3) were subsequently sent a text message by YouFit pursuant to YouFit's "Amnesty Program," (4) using the CallFire text messaging platform, (5) during the time period of November 29, 2013 to November 29, 2017.

ECF No. [80] at 7 (emphasis in original). It is well within the Court's authority to redefine Plaintiff's proposed class. *See* 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1759 at 130–31 (3d ed. 2005) ("[I]f plaintiff's definition of the class is found to be unacceptable, the court may construe the complaint or redefine the class to bring it within the scope of Rule 23."); *see also* Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 8:12, at 200 (4th ed. 2002) ("When a class definition is not acceptable, judicial discretion can be utilized to save the lawsuit from dismissal."). But, in the instant case, the only record evidence is that delinquent members of YouFit, as opposed to former members or members of the public at large, were targeted to receive text messages pursuant to the Amnesty Program—and the Court may not rewrite the evidence. As a result, Plaintiff fails to satisfy the typicality requirement.

### ii. Remaining factors

Defendant also argues that Plaintiff fails to satisfy the predominance requirement or to demonstrate that the class is clearly ascertainable. However, the Court does not consider these factors, as it has found that Plaintiff fails to meet all of the 23(a) requirements for class certification.

### D. CONCLUSION

Accordingly, for the foregoing reasons, Plaintiff's Motion, **ECF No. [72]**, is **DENIED**.

Case No. 17-cv-62328-BLOOM/Valle

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of January, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record