# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-cv-62328-BLOOM/Valle

TRACI POWELL, *individually and on
behalf of all others similarly situated*,

      Plaintiff,

v.

YOUFIT HEALTH CLUBS LLC,
*a Delaware limited liability company*,

      Defendant.

_____/

## ORDER ON MOTION FOR RECONSIDERATION OR, ALTERNATIVELY, FOR LEAVE TO SUBSTITUTE CLASS REPRESENTATIVE

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Reconsideration or, Alternatively, for Leave to Substitute Class Representative, ECF No. [92] ("Motion").[1] Defendant YouFit Health Clubs, LLC ("Defendant" or "YouFit") filed a memorandum in opposition. ECF No. [100]. Plaintiff's Reply timely followed. *See* ECF No. [101]. In addition, with leave of Court, Defendant filed a Sur-Reply, *see* ECF No. [105], and Plaintiff filed a Notice of Supplemental Authority. *See* ECF No. [106]. The Court has carefully considered the Motion, all opposing and supporting submissions, the record in this case and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

## I.     BACKGROUND

Plaintiff Traci Powell ("Powell" or "Plaintiff") brings a putative class action lawsuit against Defendant YouFit Health Clubs LLC ("Defendant" or "YouFit") for its alleged violation

---

[1] Although the Motion was filed under seal, there is no specific confidential information discussed in the instant Order. Thus, the Order is not being filed under seal.

Case 0:17-cv-62328-BB   Document 118   Entered on FLSD Docket 02/22/2019   Page 2 of 10

Case No. 17-cv-62328-BLOOM/Valle

of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").  Plaintiff alleges that Defendant violated the TCPA by sending "deceptive dual-purpose text messages" to Plaintiff, a former member of Defendant's fitness club.  First Amended Class Action Complaint, ECF No. [16] ¶¶ 1, 24.  Plaintiff sought class certification, *see* ECF No. [71], which the Court denied, finding that Plaintiff's claims are unique, and she therefore fails to satisfy the typicality requirement under Rule 23(a) of the Federal Rules of Civil Procedure.  *See* ECF No. [87] ("Order").  In the instant Motion, Plaintiff seeks reconsideration of the Court's Order, or in the alternative, leave to substitute the class representative.

## II.    LEGAL STANDARD

"[T]he courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."  *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004) (citing *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994)); *see Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002).  "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *Wendy's Int'l, Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 685 (M.D. Fla. 1996); *see also Campero USA Corp. v. ADS Foodserv., LLC*, 916 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012).  "A motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made."  *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992).  "[T]he movant must do more than simply restate his or her previous arguments, and any arguments the movant failed to raise in the earlier motion will be deemed waived."  *Compania de Elaborados de Cafe v. Cardinal Capital Mgmt., Inc.*, 401 F. Supp. 2d 1270, 1283 (S.D. Fla. 2003).  Simply put, a party

2

"cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005). Through this lens, the Court views the instant Motion.

## III.   ANALYSIS

### A.  Typicality

Plaintiff argues that the backstory of how she believed she canceled her membership misled the Court. Specifically, Plaintiff contends that her TCPA claim, and the claim of the class, is not dependent upon whether she actually canceled her membership. Indeed, Plaintiff asserts that whether she canceled her membership is a factual variation that does not apply to any element of her claim or the putative class members' TCPA claim. In response, YouFit argues that the Court made no error of apprehension, as it is undisputed that YouFit sent the allegedly offending text messages to YouFit members who owed YouFit a debt, and YouFit had prior express consent to send debt collection notices. By contrast, Plaintiff's "dual purpose" theory depends upon Plaintiff's position that she canceled her membership, did not owe a debt to YouFit, and thus could not have given any form of prior express consent.

Upon review, the Court remains unconvinced that Plaintiff's claims are typical. While demonstrating typicality does not require showing that there are no factual variations between the claims of the named Plaintiff and those of the proposed class, "[t]he claims of a class representative is typical if 'the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory.'" *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1356-57 (11th Cir. 2009) (quoting *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984)). Plaintiff's claim, like the class members' claim, is founded upon the legal theory that YouFit violated the TCPA because the text messages sent pursuant to the Amnesty Program were dual-purpose communications that constitute telemarketing for which

YouFit did not have express written consent.  However, Plaintiff's claim as pled, unlike the class's, depends upon the position that she was no longer a member of YouFit, and therefore not bound by any form of membership agreement containing any consent language.  Plaintiff does not contend that the YouFit membership agreements during the relevant time period did not contain some form of consent language, but takes the position that the language contained in agreements prior to December 30, 2015 was insufficient to satisfy the requirements of the TCPA.[2]  Therefore, proof of the class members' TCPA claim will turn, at least in part, on the sufficiency of the language contained in the membership agreements, while Plaintiff's claim turns on a theory that she provided no consent at all.  Thus, proof of Plaintiff's claim would not necessarily prove all the proposed class members' claims.

Nevertheless, even assuming Plaintiff's claim is typical of the class members' claims, the analysis does not end. The Court must determine whether Plaintiff satisfies the remaining requirements for class certification, including ascertainability and predominance.

### B.  Clearly defined and ascertainable

"Before a district court may grant a motion for class certification, a plaintiff seeking to represent a proposed class must establish that the proposed class is 'adequately defined and clearly ascertainable.'"  *Randolph v. J.M. Smucker Co.*, 303 F.R.D. 679, 684 (S.D. Fla. 2014) (quoting *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012) (citation omitted)).

Before determining ascertainability of a class, the court must first ensure that the class is adequately defined.  As the Court noted in its Order, Plaintiff's proposed class definition has taken several different forms as discovery has progressed in this case.  Initially, Plaintiff defined the proposed class as "[a]ll persons in the United States who from a date four years prior to the filing

---

[2] Indeed, the sample agreements provided by Plaintiff all contain language purporting to provide consent to be contacted. *See* ECF No. [72-4].

of the initial complaint in this case through the present: (1) Defendant (or a third person acting on behalf of Defendant) sent telemarketing text messages, (2) to the person's cellular telephone number, and (3) for whom Defendant claims it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to send automated text messages to the Plaintiff."  First Amended Class Action Complaint, ECF No. [16] ¶ 34.  In her motion for class certification, Plaintiff modified the class definition to include as members "[a]ll persons in the United States who (1) entered into a YouFit membership agreement prior to December 30, 2015, (2) were subsequently sent a text message by YouFit pursuant to YouFit's "Amnesty Program," (3) using the CallFire text messaging platform, (4) during the time period of November 29, 2013 to November 29, 2017."  ECF No. [72] at 11.  Thereafter, in an attempt to address the issue of individuals who may have signed multiple forms of YouFit's membership agreement containing different consent language, Plaintiff proposed a further narrowed class definition: "[a]ll persons in the United States who (1) entered into a YouFit membership agreement prior to December 30, 2015, (2) did not subsequently enter into a new YouFit membership agreement, and (3) were subsequently sent a text message by YouFit pursuant to YouFit's 'Amnesty Program,' (4) using the CallFire text messaging platform, (5) during the time period of November 29, 2013 to November 29, 2017."  ECF No. [80] at 7.  Significantly, the parties do not dispute that the class is adequately defined.[3]

Thus, the Court must next determine if the class is ascertainable.  "An identifiable class exists if its members can be ascertained by reference to objective criteria."  *Bussey v. Macon Cty. Greyhound Park, Inc.*, 562 F. App'x 782, 787 (11th Cir. 2014) (citing *Fogarazzo v. Lehman Bros.,*

---

[3] YouFit did dispute the propriety of Plaintiff's repeated attempts to modify the class definition, but did not argue that class certification would be improper based upon the failure to adequately define a class.

*Inc.*, 263 F.R.D. 90, 97 (S.D.N.Y. 2009)).  These "objective criteria" should be "administratively feasible," meaning that the identification of class members should be "a manageable process that does not require much, if any, individual inquiries."  *Id.* (citation omitted) (reversing district court decision finding ascertainability satisfied where class could be identified by reference to the defendant's records).   If a plaintiff fails to demonstrate that the putative class is clearly ascertainable, then class certification is properly denied.  *See Walewski v. Zenimax Media, Inc.*, 502 F. App'x 857, 861 (11th Cir. 2012) (affirming denial of class certification because class was not adequately defined or clearly ascertainable); *Perez v. Metabolife Int'l, Inc.*, 218 F.R.D. 262, 269 (S.D. Fla. 2003) ("A court should deny class certification where the class definitions are overly broad, amorphous, and vague, or where the number of individualized determinations required to determine class membership becomes too administratively difficult.").  The burden is on Plaintiff, as the party seeking class certification, to demonstrate the ascertainability of the class.

Plaintiff argues that the proposed class is readily ascertainable based on records produced by YouFit, including 1,458 representative agreements used during the relevant time period. According to Plaintiff's counsel, the agreements fall into three categories – (1) agreements with no TCPA disclosure language, (2) agreements containing ineffective TCPA disclosure language, and (3) agreements with adequate TCPA disclosure language, which appeared after December 30, 2015.  In addition, Plaintiff contends that YouFit, through its vendor ABC Financial, produced a report of all individuals who became YouFit members prior to December 30, 2015.  *See* ECF No. [72-4] at ¶ 8.  Cross-referenced with available member information, including address, telephone number, date of membership, and agreement type, Plaintiff contends that class members are easily identifiable.

However, in response, YouFit points out that Plaintiff has not provided a reliable or administratively feasible way to determine which members from the report she requested of

individuals who became members of YouFit prior to December 30, 2015 entered into a YouFit membership agreement prior to December 30, 2015.   Indeed, Plaintiff appears to equate individuals who became members prior to December 30, 2015 to individuals who entered membership agreements prior to December 30, 2015, but YouFit has provided evidence that individuals could become members of YouFit before December 30, 2015 without signing a membership agreement until after that date.   YouFit acquired twenty-four (24) clubs between 2015 and 2017—whose members became YouFit members without necessarily signing a YouFit membership agreement.   *See* ECF No. [75-1] at 2-3.   At first blush it may appear to be an ancillary issue because Plaintiff's class definition seeks to include only individuals who entered into a YouFit membership agreement.   However, Plaintiff has not suggested a way in which to identify on the sample list created by her counsel which individuals who became YouFit members prior to December 30, 2015 actually entered a YouFit membership agreement before that date.   Therefore, Plaintiff's  sample class list contains thousands of YouFit members who became members before December 30, 2015, but who are not members of the proposed class because they did not sign a YouFit membership agreement before that date.   Plaintiff's third proposed amended class definition does not remedy the issue, and in fact complicates Plaintiff's position further.   Plaintiff has not provided an administratively feasible way in which to determine which individuals entered into a YouFit membership agreement before December 30, 2015, but did not subsequently enter a YouFit membership agreement.

As such, it appears that identification of class members would require significant individual inquiries.   This is principally because the only way to identify class membership would be to conduct a review of individual YouFit member records to determine what form of membership agreement each person signed and when.   According to YouFit, while the "Since Date" field in the software it uses to track membership information can provide information regarding when an

individual joined a YouFit club, the same "Since Date" field will not produce the membership record of a YouFit Member who signed a new membership agreement since initially joining YouFit.  *See* Declaration of Paul Roberts, ECF No. [75-2] ¶¶ 16-17.  As indicated by YouFit, members may have signed numerous agreements for a variety of reasons throughout their membership, and thus, it does not appear from the evidence presented by Plaintiff that there is a way to determine which YouFit members would be excluded from the class by virtue of having signed a new membership agreement after December 30, 2015.  Plaintiff faults YouFit for not specifying whether any of the other fields in YouFit's database could be utilized to identify these individuals.  However, Plaintiff "cannot establish ascertainability simply by asserting that class members can be identified using the defendant's records; the plaintiff must also establish that the records are in fact useful for identification purposes, and that identification will be administratively feasible."  *Karhu v. Vital Pharm., Inc.*, 621 F. App'x 945, 948 (11th Cir. 2015).  In this case, Plaintiff has failed to establish that YouFit's records—other than the membership agreements themselves—would even reflect whether a YouFit member signed a subsequent agreement.  Plaintiff therefore suggests that class members can simply self-identify from the list of individuals that are potential class members, but "a plaintiff cannot satisfy the ascertainability requirement by proposing that class members self-identify (such as through affidavits) without first establishing that self-identification is administratively feasible and not otherwise problematic."  *Id*.  It is Plaintiff's burden at the class certification stage to demonstrate that identification of class members is manageable and administratively feasible, *see Bussey*, 562 F. App'x at 787, a burden that Plaintiff has not satisfied.

### C.  Predominance

Plaintiff also fails to satisfy her burden with respect to the predominance requirement under Rule 23(b)(3).  To obtain class certification, Plaintiff must satisfy one of the three requirements

enumerated in Rule 23(b).  Plaintiff seeks to certify the class under Rule 23(b)(3), which requires a finding that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  The Eleventh Circuit has characterized the predominance requirement as "perhaps the central and overriding prerequisite for a Rule 23(b)(3) class."  *Vega*, 564 F.3d at 1278.  To satisfy this requirement, "'the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, must predominate over those issues that are subject only to individualized proof.'"  *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1005 (11th Cir. 1997) (quoting *Kerr v. City of W. Palm Beach*, 875 F.2d 1546, 1557-58 (11th Cir. 1989)).  The focus of this inquiry is on "the legal or factual questions that qualify each class member's case as a genuine controversy," making the showing "far more demanding" than the requirement of commonality in Rule 23(a)(2).  *Id.* (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997)).  "[C]ommon issues will not predominate over individual questions if, 'as a practical matter, the resolution of [an] overarching common issue breaks down into an unmanageable variety of individual legal and factual issues.'"  *Bussey*, 562 F. App'x at 788-91 (11th Cir. 2014) (quoting *Andrews v. Am. Tel. & Tel. Co.,* 95 F.3d 1014, 1023 (11th Cir. 1996)).

As previously noted above and in the Court's Order, one of the central issues in this case is consent, and whether the consent language in the membership agreements during the relevant time period complies with the TCPA.  Plaintiff contends that the issues identified as common to the class are subject to class-wide proof because YouFit's marketing scheme consisted of a uniform course of conduct that resulted in each class member receiving the same or similar text messages transmitted via ATDS.  However, other than the content of the messages Plaintiff received, Plaintiff has not offered support for her contention that the text messages sent to class

Case No. 17-cv-62328-BLOOM/Valle

members were the same or similar.  Nor has Plaintiff provided information about how many different forms of text messages were sent or how to determine what form of text message was sent to particular class members based upon the differing consent language in their agreements. Moreover, as already noted, examination of each member's record would be necessary in order to determine what form of consent language appeared in the agreement of any given class member. As pointed out by YouFit, one member may have signed multiple forms of membership agreement containing different consent language prior to December 30, 2015.  *See* ECF No. [75-1] at ¶ 6. Therefore, the Court finds that individual issues would predominate over common issues of fact in this case.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [92]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 21st day of February, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

10